J-S40037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DOMINIQUE NICOLE BROWN | : | |
| | : | |
| Appellant | : | No. 3013 EDA 2017 |

Appeal from the Judgment of Sentence August 14, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007963-2016

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.:              **FILED JULY 24, 2018**

      Dominique Nicole Brown appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County, after a jury convicted her of retail theft,[1] a misdemeanor of the first degree.[2] Brown also challenges her non-jury conviction of possession of small amount of marijuana,[3] an ungraded misdemeanor. After careful review, we affirm.

      Brown entered a Walmart located at 1570 Chester Pike in Eddystone, Delaware County, on October 29, 2016. She was seen entering the self-checkout station with approximately seventy-five to one hundred items in her shopping cart. At the self-checkout station, Brown allegedly scanned and paid

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. § 3929(b)(1)(iii).

[3] 35 P.S. § 780-113(a)(31).

---

*   Retired Senior Judge assigned to the Superior Court.

for $95.81 worth of merchandise, bagging an additional $172.86 worth of unpaid merchandise. She was seen exiting the store with all of the items, both paid and unpaid. Two Walmart loss prevention officers stopped Brown and brought her to the store's loss prevention office where they proceeded to take inventory of the unpaid items. Police were called to the scene.

At the loss prevention office, Sergeant Michael McNamee asked Brown to provide him with identification. As Brown opened her purse to retrieve her identification, Sergeant McNamee saw what he believed to be marijuana in the purse. Brown refused to comply with Sergeant McNamee's request to see her purse, and a struggle ensued. Brown was restrained and escorted to Sergeant McNamee's vehicle, where she attempted to flee by foot. Brown was restrained again and taken to the Ridley Township Police Department. There it was confirmed that the substance in her purse was marijuana.

Brown was charged with one count of retail theft,[4] one count of receiving stolen property,[5] two counts of resisting arrest,[6] two counts of recklessly endangering another person,[7] and one count of possession of a small amount of marijuana.[8] She was convicted of retail theft and possession and sentenced

---

[4] 18 Pa.C.S.A. § 3929(a)(1).

[5] 18 Pa.C.S.A. § 3925(a).

[6] 18 Pa.C.S.A. § 5104.

[7] 18 Pa.C.S.A. § 2705.

[8] 35 P.S. § 780-113(a)(31).

to eighteen months' probation and forty hours of community service for the retail theft charge and a concurrent sentence of thirty day's probation for the possession charge. Brown was also ordered to pay $100.00 in cost assessment and $113.00 for the State Police Laboratory fee.

On appeal, Brown asserts that the trial court erred in refusing to admit into evidence a subpoena requesting all video surveillance tape from the Walmart for October 29, 2016.[9] The trial court denied admission of the subpoena, claiming it was not authenticated.

"Admissibility of evidence is within the sound discretion of the trial court and we will not disturb an evidentiary ruling absent an abuse of that discretion." *Commonwealth v. Hicks*, 156 A.3d 1114, 1125 (Pa. 2017). It is well established that, "'[a]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.'" *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa. 2007) (quoting *Grady v. Frito–Lay, Inc.*, 839 A.2d 1038, 1046 (Pa. 2003)).

Admissibility of evidence requires: (1) that the evidence be authenticated; and (2) that the evidence is relevant. *See Commonwealth v. Brooks*, 508 A.2d 316, 318 (Pa. Super. 1986); *see also* Pa.R.E. 901, 402.

---

[9] The subpoena Brown submitted was extremely broad and does not specifically request video of the self-checkout area, which is the focus of her appeal.

Authentication of evidence requires that the proponent "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a). Evidence may be considered relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and if "the fact is of consequence in determining the action." Pa.R.E. 401.

Brown claims that subpoenas are self-authenticating, and therefore do not require extrinsic evidence of authenticity in order to be admitted. Alternatively, Brown claims that Raymond Trent, the Walmart employee who assembled surveillance video for the police and observed Brown at the self-checkout station, authenticated the subpoena when he stated that he was familiar with the document. **See** N.T. Trial, 7/13/17, at 151. We need not address the issue of whether the subpoena was self-authenticated or, alternatively, authenticated by Trent, because we agree with the trial court that it was irrelevant.

Here, Brown wanted to use the subpoena to challenge Trent's credibility. Brown claims that she was not finished ringing up her items when she was stopped by loss prevention, and that she never put money into the self-checkout register. Brown claims that the subpoena supports her position that Walmart deliberately excluded video from the vantage point of the self-checkout area.

The existence of the unanswered subpoena does not affect the credibility of, or weight given to, Trent's testimony. Trent testified that the request for the videotape would not have come straight to him, and that it was likely the

loss prevention manager who would be responsible for such requests. **See** N.T. 7/13/17, at 152-53. Trent also testified that he had not previously seen the subpoena before it was presented to him during cross-examination. **Id.** Furthermore, Trent could not confirm that footage of the self-checkout area at the time of the incident existed, testifying that "if the police asked me for it they would have had it." N.T. Trail, 7/13/17, at 130. Even if the tape does exist, however, the presence of the subpoena does not discredit Trent's account of the incident. If Brown wanted to use the subpoena to show Walmart's willful non-compliance, she should have identified the exact individual who received service of the document.

Trent, not having received the subpoena personally, could not confirm that Walmart did not willfully comply with the subpoena. Therefore the subpoena was irrelevant. In addition, the existence of the subpoena does not pass the test for relevance enumerated in Pennsylvania Rule of Evidence 401 because "it does not tend to make it more or less probable that the Defendant committed Retail Theft." Trial Court Opinion, 2/12/18, at 7. Nothing in the record supports the conclusion that the trial court's decision was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Nor was there such lack of support for the court's conclusions as to be clearly erroneous. **Dillion, supra.**

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/18